NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3086
_____

WILLIE SMITH,
                    Appellant

v.

SUPERINTENDENT MAHANOY SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY LAWRENCE COUNTY


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-10-cv-00048
Magistrate Judge: The Honorable Robert C. Mitchell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 1, 2018

Before: SMITH, *Chief Judge,* HARDIMAN, and RESTREPO, *Circuit Judges*

(Filed: May 16, 2018)
_____

OPINION[*]
_____

SMITH, *Chief Judge.*

In January of 2003, Torrance Respress died from a fatal gunshot wound to the

head.  In June of 2004, Willie Smith testified in the Court of Common Pleas of Lawrence

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

County, Pennsylvania, that his intention had been to strike Respress with the gun, but that it accidentally discharged. During their deliberations, the jury sent a question to the judge concerning the first degree murder charge and the effect on defendant of drugs and alcohol. Smith did not request an instruction on voluntary intoxication at any point before the charge or in response to the jury's inquiry. Ultimately, the jury convicted Smith of first degree murder. He was sentenced to life imprisonment, and his direct appeal was unsuccessful.

Thereafter, Smith filed a pro se petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 *et seq.* The PCRA court appointed new counsel for Smith. After Smith filed an amended PCRA petition asserting a *Batson* claim[1] and an ineffective assistance of trial counsel claim, the PCRA court denied PCRA relief. A92. Smith moved for new counsel to represent him on appeal and the Superior Court granted that request. Smith's new appellate counsel filed a letter explaining that his appeal lacked merit.[2] *See* A99. Smith filed a pro se brief, asserting an ineffectiveness claim based on trial counsel's failure to request a jury instruction on voluntary intoxication. The Superior Court disagreed with appellate counsel's position that Smith's appeal lacked merit, vacated the PCRA court's order denying relief, and remanded the case for further proceedings. The PCRA court was directed to address two issues, one of which was trial counsel's ineffectiveness in light of the failure to request an instruction on voluntary intoxication. A99-119. The Superior Court explained that the record did

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988).

not show whether trial counsel had a reasonable basis for not seeking the instruction. A112.

On remand, Smith filed an amended PCRA petition (the second PCRA petition) and the PCRA court held an evidentiary hearing. A120; A131. During cross-examination, the prosecution asked Smith about his use of alcohol and drugs around the time of the shooting and whether he remembered being offered a plea of guilty to third degree murder. Smith responded in the negative and testified that his counsel "never brought that to my attention. He never said anything to me about a plea, any kind of plea." A145.

Trial counsel also testified during the evidentiary hearing and explained that he did not seek an intoxication instruction because Smith directed him not to do so. A156. Counsel explained that he had researched voluntary intoxication and that he thought it was the best approach to take in defending Smith. A157. He noted the prosecutor must have had the same view because of the offer to plead guilty to third degree murder. A157. According to trial counsel, Smith, who was 63 years old, rejected that offer because it meant, to him, a "life sentence." A158. Moreover, in Smith's view, the shooting was an accident and he intended to testify to that effect. In so testifying, he hoped to be convicted of nothing more serious than manslaughter. Counsel affirmed that he "could not convince [Smith] to take that plea to third degree." A158. Counsel also recalled talking to Smith after the jury asked the question concerning drugs and alcohol, and that Smith insisted "it was an accident, and I – I don't want third degree." A164. Smith interjected at that point in the hearing that he had "never heard the offer before for

a plea." *Id.* Thereafter, counsel explained that the intoxication instruction would have been inconsistent with Smith's theory that the gun discharged by accident.

> The PCRA court denied Smith's second PCRA petition. It found that the Commonwealth offered the Defendant a plea to third degree murder and trial counsel presented the offer to the Defendant and explained to him that this was a reasonable plea under the circumstances, but the Defendant planned to testify at trial that he only intended to strike the victim with the gun and it accidentally went off in the process.

A201. Because trial counsel had credibly testified that an instruction on intoxication would have been inconsistent with Smith's theory of the case, the PCRA court concluded that trial counsel had not been ineffective in failing to request the intoxication instruction. A202. Smith appealed, but the Superior Court adopted the PCRA court's opinion as its "own." A211.

In the wake of this unsuccessful appeal, Smith filed a third PCRA petition claiming ineffectiveness because trial counsel "never once discussed with me at any time that I should plead guilty to third degree murder." A214. After a hearing, the PCRA court denied Smith's third PCRA petition on several procedural grounds, including that the claim that he was not advised of a guilty plea was untimely and that it had been previously litigated in the prior petition inasmuch as the court had credited the testimony of trial counsel that Smith "was not interested in a disposition that involved murder of the third degree." A257. The Superior Court affirmed, agreeing that Smith's third PCRA petition was "patently untimely." A266.

During the pendency of the third PCRA petition, Smith initiated a § 2254 proceeding in the District Court. That proceeding was stayed to allow Smith to exhaust

4

his claim in state court and the case was administratively closed. After the PCRA court denied Smith's third PCRA petition, Smith requested the reopening of his § 2254 petition. The District Court granted the request and, as relevant here, concluded that the ineffectiveness claim based on a failure to convey the plea offer had been procedurally defaulted. On appeal, we noted that this claim was still being litigated and that the District Court's determination that the claim was procedurally defaulted was debatable. A21. Thereafter, we granted a stay until Smith's claim was final in the state court.

We issued our judgment in January of 2016, vacating the District Court's judgment and remanding for further proceedings. On remand, the District Court determined that the ineffectiveness claim based on failure to communicate the plea offer, though not raised as such in the second PCRA petition, had been considered on the merits. A9. Because the District Court believed that *Martinez v. Ryan*, 566 U.S. 1 (2012), "insure[d] that a defendant has the opportunity to challenge the effectiveness of trial counsel," A10, and that challenge occurred in the litigation of the second PCRA petition, the District Court determined that the conclusions of the state court were neither contrary to federal law nor an unreasonable application of that law for purposes of § 2254(d). In other words, the District Court abandoned its previous determination that the claim was defaulted, decided there was an adjudication on the merits, and declared that *Martinez* was not applicable. A10. Alternatively, the District Court noted that, even if *Martinez* was applicable, the factual finding by the state court that the plea offer had been extended to Smith was presumptively correct. *Id.*

5

This timely appeal followed.[3]    A23.    We granted a second certificate of appealability on the ineffectiveness claim based on trial counsel's failure to communicate the plea offer and directed the parties to explain whether the ineffectiveness claim based on the plea offer "is governed by AEDPA deference."[4]  A1-2.  Smith contends that there was no adjudication on the merits as to the plea offer claim and that AEDPA deference under § 2254(d) is not applicable.  The Commonwealth acknowledges that there is no state court adjudication on the merits.  We agree.

In *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009), we held that an "adjudication on the merits" for purposes of § 2254(d) "means that the state court's resolution of the claim must have preclusive effect."  *Id.* at 115.  We further explained that when an adjudication by an appellate state court is "on purely procedural, not substantive, grounds," it "strip[s] the PCRA court's substantive determination of . . . preclusive effect" and does not constitute an "adjudication on the merits."  *Id.*  Thus, consistent with *Thomas*, the Superior Court's affirmance of the denial of Smith's third PCRA petition on purely procedural grounds is not an adjudication on the merits entitled to AEDPA deference under § 2254(d).

Accordingly, the ineffectiveness claim based on the failure to communicate the plea offer is defaulted.  The question that remains is whether that default may be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).  "To overcome the default, a prisoner must

---

[3] The District Court exercised jurisdiction under 28 U.S.C. §§ 2241 and 2254.  We exercise final order jurisdiction under 28 U.S.C. § 1291.
[4] We review the legal determination of whether AEDPA applies de novo.  *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009).

also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14.

Here, Smith claims his trial counsel was ineffective because he "never once discussed with me at any time that I should plead guilty to third degree murder." A214. Yet in resolving the second PCRA petition on whether trial counsel's performance was deficient for failure to request an intoxication instruction, the PCRA court credited trial counsel's testimony that he had advised Smith of the plea offer and that counsel had not been able to convince Smith to plead guilty to third degree murder. In fact, the PCRA court found that "trial counsel presented the offer to [Smith] and explained to him that this was a reasonable plea under the circumstances." A201. The Superior Court adopted the PCRA court's opinion as its own. A211. Although the state court decision on the third PCRA petition which actually raised the ineffectiveness claim regarding the plea offer is not an adjudication on the merits, § 2254(e)(1) mandates that the factual determinations from the second PCRA decision that concern counsel's communications with Smith regarding the plea offer are presumed correct. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009). Because Smith has not rebutted the presumption of correctness by clear and convincing evidence, we conclude there is no factual basis for Smith's ineffectiveness claim, i.e., that trial counsel never communicated the plea offer to him. Accordingly, Smith's ineffectiveness claim is not "substantial" under *Martinez* and we cannot excuse the procedural default of the plea offer claim. 566 U.S. at 14.

In sum, because Smith has failed to demonstrate that his defaulted ineffectiveness

7

claim "has some merit" under *Martinez*, we will affirm the judgment of the District Court.